## JOSEPH ESSLINGER v. WILLIAM J. BOEHM.

Submitted December 1, 1910—Decided March 21, 1911.

1. Where the gravamen of an action is the master's failure to use reasonable care to provide a safe place of work for his servant, an express allegation of the master's duty is unnecessary and will not sustain or aid a pleading. The facts and circumstances from which the duty arises must be set out in the declaration, and it is sufficient if the law implies a duty from the facts and circumstances stated.

2. Where the facts and circumstances set forth in a declaration show the relation of master and servant between the plaintiff and the defendant, the law raises a duty upon the part of the master to use reasonable care to provide a safe place for the servant to do his work.

3. Where a servant seeks to recover from his master for an injury caused by reason of a defect in the floor of his place of work, good pleading requires that the declaration shall so specify the character of the defect as to reasonably apprise the master of the case to be made against him. Such lack of certainty, however, although affording sufficient ground for striking out the declaration, on motion, cannot be taken advantage of on general demurrer.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Samuel Press* and *Harry Kalisch*.

For the defendant, *John J. Stamler*.

The opinion of the court was delivered by

TRENCHARD, J.    The declaration avers in effect that the plaintiff was employed doing general carpenter work in and about the lumber mill of the defendant; that in doing that work he was occasionally required to use a machine called a "joiner;" that this joiner was provided with knives which, when the machine was in operation, revolved with great

speed; that the defendant "negligently, carelessly and improperly suffered and permitted the floor of the building, near the place where said joiner was affixed to the floor, to become and remain in a dangerous and defective condition, threatful to life and limb, of which said dangerous and defective condition the said plaintiff was ignorant;" that while the plaintiff was engaged in the performance of the duties of his employment and was working at said joiner, and standing close to the machine, bracing himself on the floor, all of which was necessary for him to do in the operation of the machine, and all of which he was required and commanded by the defendant to do in the performance of his duties, his foot, "by reason of the said defective and dangerous condition of the floor as aforesaid, slipped, causing him, the said plaintiff, to fall forward and causing one of his hands to come in contact with the revolving knives on the said joiner," whereby he was injured, &c.

To this declaration the defendant demurs.

The ground of the demurrer is that the declaration does not allege any duty on the part of the defendant, nor does it allege the facts and circumstances from which the duty arises.

The failure of the declaration to aver the existence of a specified duty on the part of the defendant does not make the pleading demurrable. The rule is that an express allegation of the master's duty is unnecessary and will not sustain or aid a pleading. The facts and circumstances from which the duty arises must be set out in the declaration, and the pleading is sufficient if the law implies a duty from the facts and circumstances stated. *Cetofonte* v. *Camden Coke Co.*, 49 *Vroom* 662, 664.

The contention that the declaration does not set out the facts and circumstances from which any duty arose, and, consequently, shows no cause of action is without merit. The declaration shows the relation of master and servant between the plaintiff and defendant. The law raises the duty by reason of that relationship, namely, that the master shall use reasonable care to provide a safe place for the servant to do his work.

The facts and circumstances set out in the declaration show that the master failed to perform this duty by leaving the floor near the joiner "in a dangerous and defective condition." Of course, the declaration should have specified the character of the defect which made the floor dangerous to a person operating the joiner. The rule is that certainty in the statement of the plaintiff's case must be such that it is intelligible, and that in reasonable measure it apprises the defendant of the substantial case to be made against him. But the want of specific averment in this regard cannot be taken advantage of on general demurrer. It constitutes a formal defect and the remedy was a motion to strike out the pleading. *Central Railroad Co.* v. *Van Horn*, 9 *Vroom* 133; *Race* v. *Easton and Amboy Railroad Co.*, 33 *Id.* 536; *Minnuci* v. *Philadelphia and Reading Railroad Co.*, 39 *Id.* 432.

The plaintiff is entitled to judgment on the demurrer.